Burns F. Barford, Jr., Esq. Informal Opinion No. 99-11 Village Attorney Village of Kinderhook 1019 Kinderhook Street Valatie, New York 12184
Dear Mr. Barford:
You have requested an opinion regarding whether Village Law §18-1804 provides the appropriate procedures to use for diminishing the boundaries of the Village of Kinderhook.
You informed us that there has always been uncertainty regarding the boundary between the Village of Kinderhook and the Town of Kinderhook. The Village and the Town have now settled on a boundary line which both feel is appropriate. However, the new boundary line would require a diminishment of the Village boundaries. In a telephone conversation and in a memorandum accompanying your opinion request, you stated that there is one property owner in the territory at issue whose property has been assessed on the Village assessment rolls and numerous property owners who have not been assessed by the Village. Also, there are an undetermined number of resident property owners and resident tenants living within the territory. You are concerned about the procedure for filing a petition to diminish the boundaries of the Village.
Village Law § 18-1804 provides the exclusive means for diminishing the boundaries of a village. Section 18-1804 permits the boundaries of a village to be diminished if the territory sought to be excluded is not benefited by either street or sidewalk improvements, electric lights, sewers, a water works system or fire protection. You have informed us that the territory at issue is not benefited by any of these services. To diminish the boundaries of a village, the following procedures must be followed:
 A petition for diminishing the boundaries of a village by excluding territory therefrom may be presented to the board of trustees of such village. Such petition shall describe the territory sought to be excluded, and shall state the number of inhabitants thereof and the names of the owners and occupants of each parcel of land therein, and shall be signed and duly acknowledged by a majority of the persons residing therein, if any, qualified to vote for village officers, or by the owners of a majority in value of the real property sought to be excluded, assessed upon the last preceding village assessment — roll. . . . The petition must also be accompanied by the consent in writing of a majority of the town board of the town in which the territory sought to be excluded is situated. Upon the presentation of such petition and consent, the board of trustees shall cause a proposition for so diminishing such boundaries to be submitted at the next succeeding annual village election, or a special election called for the purpose of voting upon such proposition. Village Law § 18-1804.
The process begins with a petition. To diminish the boundaries of a village either (1) a majority of all the persons who reside within the territory sought to be excluded who are qualified to vote for village officers or (2) the owners of a majority in value of all the real property sought to be excluded as assessed on the village assessment rolls, must sign a petition for the diminishment of the boundaries. It is clear that the determination of whether the petition has been signed by the requisite number of residents or property owners must be based upon the total number of residents or property owners in the territory sought to be excluded. "Such petition shall describe the territory sought to be excluded, and shall state the number of inhabitants thereof and the names of the owners and occupants of each parcel of land therein. . . ." Village Law § 18-1804. Therefore, all residents of the territory must be considered in determining the adequacy of a petition based on residency and all property owners within the territory first must be assessed by the Village and then considered in determining the adequacy of a petition based on ownership. If either standard is met, the petition is valid, assuming all other procedural requirements have been complied with.
We conclude that Village Law § 18-1804 provides the appropriate procedures to use for diminishing the boundaries of the Village of Kinderhook.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE, Assistant Attorney General